UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HABEEB AHMAD,                                   :

                                                                   :     ORDER
                          Plaintiff,

                                                                   :     22 Civ. 1248 (JLR) (GWG)
   -v.-

                                                                   :
NYU LANGONE HEALTH SYSTEM, et al.,

                                                                   :

                        Defendants.     :
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The parties have presented to the Court a proposed confidentiality order and, in the case of the defendants, an order relating to the "clawback" of inadvertently produced materials. See Docket # 50, 51. Because the parties were unable to agree on a stipulated order, the Court is separately issuing its own order on these matters to advance the discovery process. The Court's issuance of a confidentiality order without the parties' agreement is specifically permitted by case law. See, e.g., In re Auction Houses Antitrust Litigation, 2001 WL 690042, at *1 (S.D.N.Y. June 19, 2001) Decarlo v. Archie Comic Publications, Inc., 2000 WL 781863, at *1 (S.D.N.Y. June 20, 2000). The reasoning applies equally to a "clawback" order.

      We have made a number of changes to the documents proposed by the parties. We note the following points:

      Plaintiff has provided no substantive objection to the clawback order proposed by defendants, and thus the Court elects to issue one as it believes it will aid in the discovery process.

      The Confidentiality Order appropriately allows for designation of material that was previously produced and such designation is consistent with the principles embodied in the "Clawback" Order.

      Some confidentiality orders allow disclosure of materials to witnesses and some do not. In the absence of an agreement, the Court finds it appropriate to allow disclosure only to the type of witness the defendants are agreeing to: that is, deponents in the course of a deposition. The Court has added a provision allowing witnesses to be shown material if opposing counsel consents. Plaintiff is free to apply to the Court (after complying with paragraph 2.A of the Court's Individual Practices) for relief from the Order if it is necessary to show material to a witness and the defendants do not consent.

      The Court has made a number of other changes that will not be described in detail in order to provide an appropriate Confidentiality and Clawback Order.

SO ORDERED.

Dated: September 15, 2023
      New York, New York

                                                   GABRIEL W. GORENSTEIN
                                                   United States Magistrate Judge