UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HABEEB AHMAD,                                               :
                                                            :     CLAWBACK ORDER
            Plaintiff,
                                                            :     22 Civ. 1248 (JLR) (GWG)
    -v.-
                                                            :
NYU LANGONE HEALTH SYSTEM, et al.,
                                                            :
            Defendants.                                     :
------------------------------------------------------------X

      This Order shall be interpreted to provide the maximum protection allowed by the Federal Rule of Evidence 502(d) and specifically precludes the application of Federal Rule of Evidence 502(b) to any Clawback Demand and/or Protected Material, as defined herein.

      1.      This Order shall apply to all documents and information, including electronically stored information, produced by the parties in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, or responses to any other discovery devices, as well as to testimony adduced at deposition (collectively, "Discovery Material").

      2.      Any Party's production or disclosure in this proceeding of information or material that contains personally identifiable information, private health information, and/or is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not waive any claim of privilege, protection, personally identifiable information, and/or non-responsiveness applicable to that material or its subject matter in this

1

Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

***Clawback Demand by Producing Party or Other Interested Party***

3.  Any Party that produces or discloses Protected Material (the "Producing Party"), or any other party purporting to hold a privilege or protection, or other interest against disclosure (the "Other Interested Party"), may (i) notify in writing the Party receiving Protected Material (the "Receiving Party") that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege, protection, or interest against disclosure; and (ii) demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, information sufficient to identify the document or information) and the basis for the claim of privilege, protection, personally identifiable information, and/or non-responsiveness.

***Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use and/or Disclosure of Protected Material***

4.  Immediately upon identifying Protected Material produced by the Producing or Other Interested Party, the Receiving Party must (i) notify the other party of its receipt and identify the Protected Material by Bates number or, if unavailable, by other sufficient means, so that the other party may make a Clawback Demand; and (ii) cease any use of the Protected Material, and of any data derived from it.

5.  Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, the Receiving Party shall cease any inspection, use, or disclosure of

the Protected Material, and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

6.  In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the Receiving Party notifies the Producing Party and any Other Interested Party of the apparent Protected Material in accordance with paragraph 4 and the Producing Party or Other Interested Party confirm in writing that they will not claw back the document or information.

***Receiving Party to Destroy or Return Protected Material & Related Material***

7.  Except as provided in paragraph 8, the Receiving Party shall: (i) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies, (ii) notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must return the Protected Material to the Producing Party or destroy it; and (iii) destroy any work product, analysis, memoranda, or notes reflecting the content of such Protected Material and/or which the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.  The Receiving Party shall provide written assurance to the Producing Party that these actions have been completed within ten (10) days of receiving a Clawback Demand.  If any additional work product, analyses, memoranda, or notes reflecting or based upon the Protected Material are later discovered, they shall immediately be destroyed.  If the document or information subject to the Clawback Demand contains Protected

Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

***Seeking an Order to Produce Protected Material***

8. Notwithstanding the directives of paragraph 7, the Receiving Party may object to the Producing or Other Interested Party's Clawback Demand by providing written notice of such objection to the other party within five (5) business days of its receipt of a Clawback Demand. Any such objection shall be resolved by the Court. Pending resolution of the matter by the Court, parties shall not use any documents that are subject to a pending Clawback Demand in this litigation.

9. Nothing in this Order shall prevent, limit, or restrict the parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure.

Dated: September 15, 2023

      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge