UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HABEEB AHMAD,                                            :

                                                                :      CONFIDENTIALITY ORDER

                Plaintiff,

                                                                :      22 Civ. 1248 (JLR) (GWG)

  -v.-

                                                                :

NYU LANGONE HEALTH SYSTEM, et al.,

                                                                :

                Defendants.                       :
------------------------------------------------------------X

        1.        Any Party may designate any document or information, in whole or in part, as confidential if such designation is necessary to protect information that is proprietary, a trade secret, or other non-public information that the Party believes in good faith is appropriately subject to a protective order pursuant to the law governing protective orders under Fed. R. Civ. P. 26(c) (such as private medical information or other personal information). Any materials so designated are referred to herein as "Confidential Materials."

        2.        **Method of Designating Documents and Information as Confidential.** There are two methods by which any Party may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be as designated as "Confidential." In addition, the Parties may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 30 days after receipt of the final transcript by the Parties. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Confidentiality Order does not preclude or waive a

deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

3. **Subsequent Designation.** Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within thirty (30) days after entry of this Order), be designated as Confidential by providing written notice to counsel and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Materials that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

4. **Contesting Confidential Designations.** A Party may object to the designation of information as "Confidential" by notifying counsel in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential.

5. **Use and Disclosure of Confidential Materials.** The Confidential Materials shall be used by the Parties solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such Confidential Materials shall not be disclosed by either Party to any other persons other than the following qualified recipients:

    a. members of counsel's firm and/or office, including any contractors or individuals engaged by that Party, in connection with performing services in this litigation or disposition of this action;

2

      b.      the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

      c.      any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court;

      d.      persons retained by a Party to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by that Party or engaged by that Party for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Confidentiality Order by executing Exhibit A, further described in paragraph 6, below;

      e.      to deponents in the course of a deposition; and

      f.      to other witnesses, provided counsel has obtained consent of opposing counsel, except that such consent need not be obtained if the person is an author or prior recipient of the Confidential Material.

Confidential Materials disclosed to persons defined in subparagraphs (a) through (f) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (f) of paragraph 5 nor shall any such Confidential Materials be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality. Persons receiving Confidential Materials under this Order are specifically prohibited from contacting any individual identified in the Confidential Materials, or any person in the employ of the entities identified in Paragraph 1 regarding the Confidential Materials, except via lawfully noticed depositions.

Should any Confidential Material be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

6. **Production of Confidential Materials to Experts or Witnesses.** Any person identified in 5(d) through 5(f) above who is to be provided access to the Confidential Materials shall be provided a copy of this Confidentiality Order and be required to sign a written statement (to be held by counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Confidentiality Order) before receiving such Confidential Materials. The form of such statement shall be consistent with Exhibit A, attached hereto.

7. **Subpoena or Compulsory Process.** If a party or counsel has obtained Confidential Information under the terms of this Confidentiality Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, the subpoenaed party shall promptly notify the other parties, including the designating party. The subpoenaed party or counsel shall not produce any Confidential Information in response to the subpoena without the prior written consent of the designating party unless in response to an order of a court of competent jurisdiction. The subpoenaed party or counsel will not object to the designating party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the designating party's Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

8. **Reproduction of Confidential Information.** Confidential Information shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the

terms of this Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate.

9. **Filing Documents Under Seal.** If a party intends to file papers with the Court which contain or reveal Confidential Materials, that party shall first consult with the producing party to see if there is an objection to the filing. If so, the receiving party must apply to the Court to seal those portions of the papers that contain or reveal Confidential Materials in accordance with the Court's Individual Practices.

10. **Court Proceedings**. Subject to the applicable rules of evidence, Confidential Information may be disclosed at trial or at a hearing in open court. Either party intending to use Confidential Information shall notify the designating party of the listing as a trial exhibit of documents containing its Confidential Information within one day after so listing such documents. Where the Confidential Information to be disclosed was not listed on the trial exhibit list, the party disclosing the Confidential Information must provide twenty four (24) hours' advance notice (or, if that is not possible, as much advance notice as is practicable in the circumstances) to the designating party. Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action.

11. **Return or Destruction of Information.** Within 60 days of final termination of this action, including any appeals, all Confidential Materials, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action), shall be returned to the disclosing Party or destroyed by the

receiving Party and/or experts who received production of those materials upon written request, with written verification of the destruction to the disclosing Party.

12. **Breach**. If Confidential Information under the terms of this Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Order, the party responsible for the unauthorized disclosure shall immediately upon learning of such disclosure inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

13. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

14. Nothing in this Confidentiality Order shall be construed to limit a party's use of its own Confidential Materials in any manner.

15. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential Material.

16. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

17. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

18.     The confidential nature of all information subject to this Confidentiality Order shall remain in full force and effect, after the termination of this case (including any related appeals).

Dated: New York, New York
       September 15, 2023

                                             _____
                                             GABRIEL W. GORENSTEIN
                                             United States Magistrate Judge

## **EXHIBIT A**

      I hereby acknowledge that I have read the So-Ordered Confidentiality Order entered in the Southern District of New York, on _____, 20__, in the action *Habeeb Ahmad v. NYU Langone Health System, et. al.*, Civil Action No.: 22-CV-01248, and understand the terms thereof.

      I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

      I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

| Date | Signature |
|---|---|
|  | Print Name |
|  | Occupation |