UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HABEEB AHMAD,

                        Plaintiff,

  - against -

NYU LANGONE HEALTH SYSTEM, NYU
GROSSMAN SCHOOL OF MEDICINE, SCOTT
MELLYNCHUK and DOUG LAZZARO.

                        Defendants.

**PROPOSED VERDICT SHEET**[1]

22 Civ. 1248 (JLR)(GWG)

------------------------------------------------------------------------x

JENNIFER L. ROCHON, District Judge:

                  PLEASE CHECK  (√) YOUR ANSWERS

                All jurors must agree on the answers to all of the questions:

**Plaintiff's Proposed Verdict Sheet**

1. Did Defendants fail to provide Plaintiff a reasonable accommodation for his disability?

                Yes _____          No _____

2. Did Defendants fail to engage in an interactive dialogue with Plaintiff?

                Yes _____          No _____

3. Was Plaintiff's disability a contributing factor in Defendants' decision to terminate him?

                Yes _____          No _____

4. Was Plaintiff's request for an accommodation a contributing factor in Defendants' decision to terminate him? [2]

---

[1] The parties have met and conferred and cannot agree on one combined Verdict Sheet so the parties are submitting their respective versions in one document for further review by the Court. This footnote—and any other footnote herein—shall not be included in the final verdict form submitted to the jury.

Yes \_\_\_\_\_        No _____

**If "YES" to <u>any</u> of the above questions 1-4, proceed to the next question.
If "NO" to <u>all</u> of the above questions 1-4, please sign and notify the bailiff.**

**<u>Damages</u>**

    5. <u>Please state the amount of damages for Plaintiff's emotional distress</u>:

        $ _____

    6. <u>Please state the amount of damages for Plaintiff's economic distress</u>:

        $ _____

    7. <u>Did Defendants consciously disregard Plaintiff's rights?</u>[3]

        Yes \_\_\_\_\_        No _____

If "YES" to Question 7, proceed to question 8. If "NO" please sign and notify the bailiff.

    8. Please state the amount of damages to punish Defendants and deter other employers from engaging in similar conduct:

        $_____

*After the Jury has reached unanimous agreement on all the questions and completed the form, each juror must sign below:*

_____        _____

*Foreperson*

_____        _____

---

[2] Defendants object to Plaintiff's questions 1-4 as they assume elements are already established that have not and they do not sufficiently address the nuances of the multiple different statutes pursued.
[3] Defendants object to Plaintiff's questions 7 and 8 as the record is devoid of any evidence that could substantiate a claim for punitive damages.

    _____            _____

    _____            _____

    _____            _____

    _____            ***Date:*** _____

**Defendants' Proposed Verdict Sheet**

            A.  <u>Plaintiff's ADA and SHRL Disability Discrimination Claims</u>

1. Did Plaintiff prove by a preponderance of the credible evidence that he was qualified to perform the essential functions of his job, with or without an accommodation?

            Yes _____        No _____

**If you answered YES to question 1, proceed to question 3.**
**If you answered NO to question 1, proceed to the next question.**

            B.  <u>Plaintiff's CHRL Disability Discrimination Claims</u>

2. Did defendants prove by a preponderance of the credible evidence that Plaintiff was not qualified to perform the essential functions of his job or a direct threat to his or others' safety, with or without an accommodation?

            Yes _____        No _____

**If you answered YES to question 2, proceed to question 6.**
**If you answered NO to question 2, proceed to the next question.**

3. Did Plaintiff prove by a preponderance of the credible evidence that Plaintiff's disability was the determinative factor in Defendants' decision to terminate the Plaintiff?

            Yes _____        No _____

**Proceed to next question.**

            C.  <u>Plaintiff's Failure to Accommodate Claims</u>

4. Did Plaintiff prove by a preponderance of the credible evidence that Plaintiff requested a reasonable accommodation?

Yes \_\_\_\_\_  No _____

**If you answered YES to question 4, proceed to next question.**
**If you answered NO to question 4, proceed to question 6.**

5. Did Plaintiff prove by a preponderance of the credible evidence that defendant refused to reasonably accommodate Plaintiff's disability?

Yes \_\_\_\_\_  No _____

1
**Proceed to next question.**

### D. Plaintiff's ADA and SHRL Retaliation Claim

6. Did Plaintiff prove by a preponderance of the credible evidence that Plaintiff filing a request for an accommodation was the determinative factor in Plaintiff's termination?

Yes \_\_\_\_\_  No _____

**Proceed to next question.**

### E. Plaintiff's CHRL Retaliation Claim

7. Did Plaintiff prove by a preponderance of the credible evidence that, retaliation played some part in Plaintiff's termination?

Yes \_\_\_\_\_  No _____

**If you answered YES to questions 3, 5, 6, or 7, proceed to question 8**
**If you answered NO to all questions 3, 5, 6 AND 7, STOP. You are done deliberating. Please report your verdict.**

### F. Affirmative Defense

8. Did defendants prove by a preponderance of the credible evidence that they had a legitimate business reason for terminating the Plaintiff's employment?

Yes \_\_\_\_\_  No _____

**If you answered YES, STOP. You are done deliberating. Please report your verdict.**
**If you answered NO, proceed to next question.**

G. <u>Damages</u>

9. Did Plaintiff prove by a preponderance of the credible evidence that Plaintiff suffered injuries to warrant an award of damages?

Yes _____ No _____

**If you answered YES, please proceed to question 9b.**
**If you answered NO, proceed to question 9a.**

    9(a) Please state the amount of damages not to exceed $1.

    _____

**STOP, please report your verdict.**

    9(b) Please state the amount of damages to compensate Plaintiff.

    _____

**STOP, please report your verdict.**


Dated: New York, New York
        May 30, 2025

**<u>Trial Counsel for Plaintiff</u>**
Alexander G. Cabeceiras, Esq.
Derek Smith Law Group, PLLC
Tel: 332-910-5631

**<u>Trial Counsel for Defendants</u>**
Muriel Goode-Trufant
Corporation Counsel
New York City Law Department
Labor & Employment Law Division
100 Church Street
New York, New York 10007
Desiree Alexander, Esq.
Elisheva Rosen, Esq.
Phone: (212) 356-3177