

July 10, 2025

**Via ECF**
The Hon. Jennifer L. Rochon
United States District Court
500 Pearl Street New York, NY 10007-1312

      Re:    ***Habeeb Ahmad v. NYU Langone Health System., et al.***
              Docket No: 1:22-cv-01248-JLR
              Motion to Compel Production of Unredacted Documents

Dear Judge Rochon,

      As Your Honor is aware, we represent Plaintiff in the above-referenced matter.

      We write to seek the Court compel Defendants to produce unredacted documents before July 16, 2025. Specifically, Exhibits 98-101 and 103-107 (Attachment A). These documents redact the names of Defendants' employees and their emails. These documents show Defendants allowing clinical-based employees to work from home as an accommodation. These documents were subject to a motion *in limine* ruling. They were found to be relevant.

      There is no protective order in this case and no legitimate grounds to exclude the names of the NYU individuals involved in these accommodation decisions.[1] Information related to NYU's own employees is **not** "sensitive information" as outlined in FRCP 5.2 and the SDNY ECF Privacy Policy.

      If a party wants to redact a document, without prior agreement among counsel, they must seek Court permission. ("[I]f Plaintiffs wanted to make redactions without Defendants' agreement, Plaintiffs needed to seek court permission to do so. […] Plaintiffs were not free to decide on their own that redaction**s** to Plaintiffs' production were appropriate." *We the Protesters, Inc. v. Sinyangw*e, 348 F.R.D. 175, 180 (SDNY 2024). Defendants have never applied to redact the documents at issue. ("[I]t is not for defendants to unilaterally determine what is relevant and to redact purportedly irrelevant information without court permission. '[S]uch redactions breed suspicions and deprive the reader of context.'" *Cleary v. Kaleida Health*, 2024 U.S. Dist. LEXIS 216311, *16 (WDNY 2024) *quoting Christine Asia Co., Ltd. v. Alibaba Group Holding Limited*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018)).

---

[1] Plaintiff consents to redactions necessary under FRCP 5.2 and the names of the disabled-employee making the accommodation application.

  As per Your Honor's Individual Rule 4(B)(ii), all redactions, besides those permitted in FRCP 5.2 and the SDNY ECF Privacy Policy, <u>require</u> Court approval. Defendants have not sought Court approval to redact these, or any, documents.

  Therefore, Defendants have not articulated any narrowly tailored reason to the Court (or Plaintiff's counsel) as to why these documents should remain redacted in open court. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). When conferring on this matter, counsel represented that Defendants could not produce the documents that are—assumingly—in their possession, because they could not "divert attention" away from the "newly added claim on top of trial prep" to focus on what they categorize as "discovery." This is not a legitimate, narrowly tailored reason to redact a document in open court. Nor would producing a document already in their possession divert more than 5 minutes away from counsel's work.

  Defendants have failed to negotiate an agreed upon method of redacting these documents with Plaintiff's counsel and have failed to seek Court approval for the redactions. They should not be rewarded by allowing a redacted document, with relevant information excluded, to be seen by the jury. Additionally, these documents will be of little use to the jury unless they can be viewed in their original, unredacted form.

  Plaintiff's counsel apologizes for not raising this issue at yesterday's conference and thanks the Court for its consideration.

Date: July 10, 2025
    New York, New York

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.
The Nelson Tower
450 7th Avenue, 30th Floor
New York, New York 10123

Request DENIED.  Defendants produced these documents to Plaintiff two years ago with redactions pursuant to a confidentiality order.  See Dkt. 55.  Plaintiff failed to raise any objection to those redactions until just prior to trial, well after the close of discovery, after motions in limine have already been made and adjudicated.  Even if Plaintiff's motion were procedurally proper and his objections to these redactions had not been waived, the Court finds that Defendants' redactions are narrowly tailored to protect confidential medical and employment information of nonparties, and that any probative value of the nonparties' identities is significantly outweighed by the risk of prejudice, confusion, and undue delay.

Dated: July 15, 2025
    New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**