UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABEEB AHMAD,

                              Plaintiff,

            -against-

NEW YORK UNIVERSITY, SCOTT
MELLYNCHUK, and DOUG LAZZARO,

                              Defendants.

Case No. 22cv01248 (JLR)

JENNIFER L. ROCHON, United States District Judge:


# JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.  GENERAL INSTRUCTIONS ................................................................................. 1

    A.  Introductory Remarks ............................................................................. 1

    B.  Role of the Court .................................................................................... 1

    C.  Role of the Jury ...................................................................................... 2

    D.  Role of Counsel ...................................................................................... 2

    E.  Sympathy or Bias ................................................................................... 3

    F.  Burden of Proof ...................................................................................... 4

    G.  What Is and Is Not Evidence .................................................................. 5

    H.  Direct and Circumstantial Evidence ...................................................... 6

    I.  No Inference from Filing Suit ................................................................ 7

    J.  Witness Credibility ................................................................................ 7

    K.  Prior Inconsistent Statements ................................................................ 9

    L.  Expert Testimony ................................................................................. 10

    M.  Available Evidence .............................................................................. 10

    N.  Multiple Defendants ............................................................................ 11

II.  SUBSTANTIVE INSTRUCTIONS ................................................................... 11

    A.  Summary of the Claims ....................................................................... 11

    B.  Disability Discrimination ..................................................................... 12

        1.  Disability Discrimination – Adverse Employment Action ........... 12

            (a)  Qualified to Perform Essential Functions of Job With or Without Reasonable Accommodation .............................. 13

            (b)  Adverse Employment Action............................................. 14

        2.  Failure to Provide a Reasonable Accommodation ....................... 15

    C.  Failure to Engage in a Cooperative Dialogue ...................................... 19

    D.  Retaliation ........................................................................................... 20

    E.  Supervisory Liability ........................................................................... 21

    F.  Aiding and Abetting Liability .............................................................. 21

III.  DAMAGES........................................................................................................ 22

    A.  Purpose of Damages ............................................................................ 22

    B.  Compensatory Damages ...................................................................... 23

        1.  Economic Losses ......................................................................... 24

        2.  Emotional Distress Damages ....................................................... 25

    C.  Nominal Damages................................................................................ 26

D.      Punitive Damages ................................................................................. 26

IV.     DELIBERATIONS OF THE JURY ............................................................... 28

A.      Selection and Duties of Foreperson ...................................................... 28

B.      Right to See Exhibits and Hear Testimony; Communication with the Court ....... 28

C.      Notes ...................................................................................................... 29

D.      Duty to Deliberate; Unanimous Verdict .............................................. 29

E.      Verdict Form ......................................................................................... 30

F.      Return of Verdict .................................................................................. 31

G.      No Electronic Communications ............................................................ 31

V.      CONCLUSION ................................................................................................ 32

# I.     GENERAL INSTRUCTIONS

## A.     Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.     Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You evaluate the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law. Do not speculate on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your concern. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.    Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, disability, or physical appearance of any party, witness, or lawyer. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All parties, including

an entity like New York University, are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

### F.    Burden of Proof

This is a civil case. In a civil case such as this one, Plaintiff has the burden to prove every essential element of his claims by a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection. Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness' testimony as evidence.  It is the witnesses' answers to those questions

or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might

6

reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

### I.       No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### J.       Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the

reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful. Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony. You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case. Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties. Such bias or interest in the outcome creates a motive to testify falsely. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

8

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which you find credible or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### K.    Prior Inconsistent Statements

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to

determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### L.    Expert Testimony

In this case you have heard testimony from an expert witness, Dr. Lerner. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the other evidence in this case.

You should not, however, accept a witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### M.    Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.  The absence of any witness should not

10

affect your judgment in any way.

**N.  Multiple Defendants**

Although there are multiple Defendants in this case, it does not necessarily follow that if one is liable, then the others are liable as well. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to any other defendant. If you find that only one defendant is liable, you must impose liability upon that one defendant.

## II.  SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

**A.  Summary of the Claims**

The Plaintiff in this case—the party who brought the case—is Dr. Habeeb Ahmad.  The Defendants are New York University (which I may refer to as NYU), Scott Mellynchuk, and Dr. Douglas Lazzaro.

I am going to briefly state the contentions of the respective parties. In stating these contentions, I express no opinion of the facts, because you are the sole judges of the facts. If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts. You will consider all the facts, the testimony from the stand, the physical facts and all legitimate inferences.

Plaintiff claims that Defendants discriminated and retaliated against him because of his disability in violation of the Americans with Disabilities Act (which I may refer to as the ADA), the New York State Human Rights Law (which I may refer to as the NYSHRL) and the New York City Human Rights Law (which I may refer to as the NYCHRL), and failed to engage in a cooperative dialogue as required by the New York City Human Rights Law. Plaintiff also relies on supervisory liability, which holds an employer liable for the conduct of

its employees with managerial or supervisory responsibilities, and claims that Defendants

Lazzaro and Mellynchuk are liable for aiding and abetting.

Defendants deny all of Plaintiff's claims and assert that the actions they took were for

legitimate, non-discriminatory, non-retaliatory business reasons.

**B.    Disability Discrimination**

Plaintiff asserts two different theories of disability discrimination.  First, he claims that

Defendants took an adverse employment action against him — that is, terminating him —

because of his disability.  Second, he claims that Defendants discriminated against him by

failing to reasonably accommodate his disability.  I will address the elements of each of these

two theories below.  Although there is some overlap, these theories are distinct, so I ask that

you pay close attention.

**1.    Disability Discrimination – Adverse Employment Action**

I will start with Plaintiff's first theory of discrimination based on his termination.

Under the ADA, the NYSHRL, and the NYCHRL, Plaintiff bears the initial burden of

establishing a *prima facie* case of discrimination based on an adverse employment action or an

action that disadvantaged him, and must establish facts demonstrating that: (1) his employer is

covered by ADA, the NYSHRL and the NYCHRL; (2) he has a disability within the meaning

of the ADA, the NYSHRL, and the NYCHRL; (3) he was qualified to perform the essential

functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse

employment action, or an action that disadvantaged him, because of his disability.

The parties do not dispute the first two elements of Plaintiff's claim. However, there is

a dispute as to (1) whether Plaintiff was qualified to perform the essential functions of his job

with or without reasonable accommodation and (2) whether Plaintiff was terminated, which is

an adverse employment action, because of his disability.

### (a) Qualified to Perform Essential Functions of Job With or Without Reasonable Accommodation

To establish that he is a qualified individual, the first thing Plaintiff must prove is that he is otherwise qualified for the position. This means that Plaintiff has the requisite skill, experience, education, and other job-related requirements of the employment position involved in this case. If he cannot satisfy this standard, then Plaintiff is not a qualified individual, even if the reason he is not qualified is because of the disability.  For example, a blind person would be disqualified from driving a bus.

If you find that the Plaintiff was qualified for the position, then the next step is to determine whether he has proven by a preponderance of the evidence that he was able to perform the essential functions of the employment position with or without reasonable accommodation. Under the ADA and the NYSHRL, the Plaintiff must prove, by the preponderance of the evidence, that some accommodation exists that would allow him to safely perform the essential functions of his employment. The NYCHRL also require that Plaintiff be able to perform the essential functions of his job with or without accommodations. However, under the NYCHRL, it is Defendants' burden to show by a preponderance of the evidence that Plaintiff was unable to perform the essential functions of his job, with or without a reasonable accommodation, or posed a direct threat to his or others' safety.  A direct threat is a significant risk of substantial harm to the health or safety of himself or others that cannot be eliminated by a reasonable accommodation.  The probability of significant harm must be substantial, constituting more than a remote or slightly increased risk.

In order to make this determination, you will need to determine what the essential functions of the employment position were. The "essential functions of an employment

position" are the basic duties of a job that a person must be able to perform in order to hold a particular position.  The term does not include the marginal functions of the position.

A job function may be considered essential for any of several reasons. These include, but are not limited to, the following:  the reason the position exists is to perform that function; there are a limited number of employees available among whom the performance of that job function can be distributed; and the job function is highly specialized and the person in that position is hired for his or her expertise or ability to perform that particular job function.  In determining whether a particular job function is essential, considerable deference should be given to the employer's judgment.  You may consider the following factors, along with all of the evidence which has been presented to you: the employer's judgment as to which functions of the job are essential; written job descriptions; the employment contract; the amount of time spent performing the function;  how the job is actually performed in practice;  the consequences of not requiring the person holding the position to perform the function; the work experience of past employees who have held the position; and, the work experience of current employees who hold similar positions.

If a Plaintiff is unable to perform the essential functions of his job, with or without an accommodation, he cannot be a victim of disability discrimination.

### (b) Adverse Employment Action

Finally, there is a dispute as to whether Plaintiff suffered an adverse employment action or was subject to an action that disadvantaged him -- namely, he was terminated -- because of his disability.

Under the ADA, to satisfy this element, the Plaintiff must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to terminate Plaintiff's employment.  It need not have been the sole factor, but it must have been the

14

decisive factor, meaning that but for the consideration of the Plaintiff's disability, the defendant would not have made the same employment decision.

Under the NYSHRL and NYCHRL, to satisfy this element, the Plaintiff must prove by a preponderance of the evidence that the disability was a motivating factor in the following Defendants' decision to terminate Plaintiff's employment.  In other words, Plaintiff must prove that his disability must have played at least some part, even if not the only part, in his termination.

Here, the Defendants argue that they took an adverse action against the Plaintiff, not because of Plaintiff's disability, but for a legitimate nondiscriminatory reason. If you find that is true, that would be a complete defense. Your job as a fact-finder is not to second-guess an employer's business decision or substitute your own business judgment for that of the employer. But if you find that Defendants' asserted reason for terminating Plaintiff is just a pretext, you may, if you wish, consider whether the real reason was discrimination on the basis of disability.

### 2.     Failure to Provide a Reasonable Accommodation

Plaintiff next claims that Defendants discriminated against him by failing to provide him with a reasonable accommodation in violation of the ADA, the NYSHRL, and the NYCHRL.

In order to establish a claim for failure to accommodate under these statutes, Plaintiff must establish by a preponderance of the evidence that (1) he has a disability as defined by those statutes; (2) Defendant had notice of the disability; (3) with reasonable accommodation he could perform the essential functions of his job; and (4) Defendant refused to make such accommodation. The parties only dispute elements three and four.

Thus, under the ADA, and the NYSHRL, Plaintiff must prove by a preponderance of the evidence that he was qualified and able to perform the essential functions of his job with a reasonable accommodation. Moreover, under those statutes, the Plaintiff must establish that some accommodation exists that would allow him to safely perform the essential functions of his employment. If Plaintiff is seeking reassignment to a lighter duty position, he has the burden of identifying the existence of a vacant position that is a suitable replacement.

However, unlike the aforementioned State and Federal Laws, under the NYCHRL, it is Defendant's burden to show that Plaintiff was not qualified to perform the essential functions of his job or, otherwise, posed a direct threat to his own or others' safety.

If you find that the Plaintiff was qualified, as I explained that term to you, but unable to fulfill all of the essential functions of the job without accommodation, then you must consider whether there were reasonable accommodations that the Plaintiff requested and that the Defendant could have granted that would have enabled the Plaintiff to fulfill the essential functions which he could not otherwise fulfill.

A reasonable accommodation must be reasonable both in terms of cost and efficiency. It must not create an undue hardship in the conduct of the employer's business. Thus, you may consider the financial and administrative burdens that would be placed on the employer if required to make a particular accommodation.

A reasonable accommodation may include, among other things, modification of job duties and schedules, alteration of the facilities in which a job is performed, acquisition of devices to assist the performance of job duties, and, under certain circumstances, reassignment to a vacant position. An employer is not required to reassign an employee if there is no vacant position available. An accommodation is not reasonable if the accommodation would require

16

the employer to eliminate an essential job function. An employer is not required to create a new job or position as an accommodation; such an accommodation is unreasonable as a matter of law. Similarly, where the employee's requested accommodation would require the employer to hire multiple employees to do the job of a single employee, such a proposed accommodation is not reasonable. Where on-site attendance is an essential function of a job, any purported accommodation permitting an employee's continued absence is not a reasonable one.

A leave of absence for a finite period may be a reasonable accommodation if an employee shows that leave will enable him to perform the essential functions of the job when he returns to work. However, a request for an indefinite leave of absence is not a reasonable accommodation.

An employer is not required to make an accommodation that is primarily for the employee's personal benefit and not job-related. The purpose of an accommodation is to permit an employee with a disability to perform his or her job duties.

A disabled employee has the obligation to inform their employer of accommodations that are needed. An employer is not required to grant every request by an employee; an employee is not entitled to the accommodation of his or her choice. Rather, an employer is required to make only those reasonable accommodations that allow the employee to perform the essential functions of his or her position. An employee may not require an employer to accept a particular accommodation if another one will accomplish the necessary result. Rather, an employer must engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested.

If Plaintiff successfully proves, by a preponderance of the evidence, that he was disabled, and qualified to perform the job, then you must move onto the final element of

Plaintiff's failure to accommodate claim. Here you must decide whether Defendants refused to grant him a reasonable accommodation, including by failing to proactively engage in the interactive process. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both Defendant and Plaintiff. The ADA, the NYSHRL, and the NYCHRL require the parties to engage in an interactive process where the parties work together to determine if and how the employee's disability can be reasonably accommodated.

  To find that a Defendant failed to accommodate Plaintiff under the ADA, Plaintiff must prove that it was more likely than not that some reasonable accommodation of his disability was possible. A reasonable accommodation must be reasonable both in terms of cost and efficiency. Under the NYSHRL and NYCHRL, a Defendant has the burden to show the unavailability of any safe and reasonable accommodation and to show that any proposed accommodation would place an undue hardship on its business. An undue hardship is an action requiring significant difficulty or expense. A Defendant has the burden of proving by a preponderance of the evidence that an accommodation would constitute an undue hardship. In making this determination, you may consider the following factors: the nature and cost of the accommodation; the size and nature of Defendant's business, and the financial resources available to it; and the impact of the accommodation on the operation of Defendant's business. Thus, you may consider the burden that a Defendant may have incurred had they granted an accommodation to Plaintiff.

  If you find that Defendants refused to grant Plaintiff an accommodation, you must then determine whether granting the accommodation would have caused the employer to suffer an

undue hardship.  An employer is not required to provide an accommodation that will impose an undue hardship on the operation of that employer's business.

### C.    Failure to Engage in a Cooperative Dialogue

The NYCHRL contains a separate cause of action for a failure to engage in a good-faith cooperative dialogue. An appropriate, reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the employee with a disability. Thus, the NYCHRL requires the parties to engage in a good-faith interactive process where the parties work together to determine if and how the employee's disability can be reasonably accommodated.

Plaintiff must prove, by a preponderance of the evidence, that he requested an accommodation, and that Defendants refused to engage in a good-faith cooperative dialogue with Plaintiff.  Here, the parties agree that Plaintiff requested an accommodation. So, you must decide if Defendants refused to engage in a good-faith cooperative dialogue with Plaintiff about accommodating Plaintiff.

The interactive process requires an employer to investigate the employee's accommodation request and determine its feasibility. An employer cannot simply dismiss or ignore the request.  An employer may engage in the interactive process by, among other things, communicating with the employee who requests the accommodation, requesting information about the condition and what limitations the employee has, and asking the employee what he or she is requesting as an accommodation. The employer must show some sign of having considered the employee's request.

The NYCHRL requires only that Defendants engage in an interactive process with Plaintiff; it does not require that Plaintiff be satisfied with that process or that the process result in the Plaintiff's preferred accommodation.

19

**D.**     **Retaliation**

Plaintiff finally claims that Defendants retaliated against him because of his disability when they terminated his employment, effective January 4, 2021. Defendants deny these allegations and assert that all of their actions were taken for legitimate, non-discriminatory reasons. Plaintiff brings his retaliation claim under the ADA, the NYSHRL, and the NYCHRL. Plaintiff asserts that he engaged in protected activity by filing a request for a reasonable accommodation and was subsequently terminated in violation of these statutes.

To make out his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

1. First, that he engaged in protected activity;

2. Second, that Defendants were aware of that protected activity;

3. Third, that Plaintiff was then subjected to an adverse action by one of the Defendants; and

4. Fourth, that but-for the protected activity, no adverse action would have been taken.

Here, there is no dispute regarding the first, second or third elements. Regarding the fourth element under the ADA and the NYSHRL, the Plaintiff must prove a causal connection between Plaintiff's request for an accommodation and the subsequent termination.  In determining the question of Defendants' motivation, you should consider all the evidence in the case, including the timing of the allegedly retaliatory acts, the testimony of the witnesses, and the documents in evidence. Plaintiff must show by a preponderance of the evidence that he would not have been terminated but-for the Plaintiff's request for an accommodation.  It need not have been the sole factor, but it must have been the decisive factor, meaning that if Plaintiff had not made a request for an accommodation, defendants would not have terminated him.  In

other words, Plaintiff must show that his request for an accommodation was a "determinative" factor in Defendants' decision to terminate him.

However, Plaintiff is not required to show but-for causation under the NYCHRL. Under the NYCHRL, Plaintiff need only show that retaliation for requesting an accommodation played some role in his termination. If Plaintiff cannot demonstrate that retaliation played at least some part, even if not the only part, in his termination, then you must find that he has not established a causal connection between his request for an accommodation and his subsequent termination.

### E.    Supervisory Liability

When it comes to the acts of supervisors, the NYCHRL holds employers responsible for the unlawful acts of employees with managerial or supervisory responsibilities.  In this case, Defendants do not dispute that Mellynchuk and Lazzaro exercised managerial and/or supervisory responsibilities. Therefore, if you find that Mellynchuk or Lazzaro engaged in unlawful conduct, then you should impute their behavior onto NYU and find supervisory liability against NYU.

### F.    Aiding and Abetting Liability

Individual Defendants may not be held liable under the ADA for discrimination or retaliation, or under the NYSHRL for discrimination. However, they may be liable for aiding and abetting liability under the NYSHRL and NYCHRL.  To state a claim for aiding and abetting unlawful discrimination or retaliation, a plaintiff must plead that the defendant actually participated in the unlawful conduct of the principal actor.  The aider and abettor must also share the intent or purpose of the principal actor.  Aiding and abetting liability requires actual participation in the conduct giving rise to the claim. It cannot be based on status or job title alone.

21

# III.   DAMAGES

If the Plaintiff has proven by a preponderance of the evidence that a Defendant is liable on Plaintiff's claim or claims, then you must determine the damages to which Plaintiff is entitled.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that Plaintiff has established liability on a claim in accordance with my other instructions.  Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

## A.      Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate her for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense and damages should not be based on sympathy for any party.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork or speculation.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing

an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B.    Compensatory Damages

Compensatory damages are designed to restore the Plaintiff to the same position he was in prior to the injury; that is, to compensate for the damage suffered as a direct result of the Defendants' conduct. You may not presume that Plaintiff has been damaged. The burden is on Plaintiff to prove each item of his damages by a preponderance of the credible evidence. The damages you award must be based on the evidence presented at trial, not on speculation or guesswork. The Plaintiff has an obligation to show sufficient facts and circumstances to permit you to make a reasonable estimate of each item of damages. If Plaintiff fails to do that, then Plaintiff cannot recover for that item of damages.

The damages that you award must be fair compensation for the loss, if any, which resulted from the Defendants' wrongful conduct—no more and no less.  Compensatory damages can be both non-economic and economic.  The purpose of these damages is to make the plaintiff whole—to put him in the same position that he would have been in had there been no violation of his rights.  The purpose is not to punish the defendant.  You should also not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered because of the violation.

Compensatory damages can be inferred from the circumstances presented to you by the evidence, or they can be proven by testimony going solely to the issue of damages. They are not limited merely to expenses that Plaintiff may have incurred, although if you find that such expenses have been incurred, your award of compensatory damages should include them.

### 1.       Economic Losses

If you find liability, you may award Plaintiff monetary compensatory damages in the form of back-pay, front-pay, and other economic loss that came about as a result of Defendants' alleged violations of law.

If you find that Defendants subjected Plaintiff to an unlawful termination, for example, then you must award as actual damages an amount that reasonably compensates him for any lost wages and benefits that Plaintiff would have received from Defendants had Plaintiff not been the subject of Defendants' discrimination.

Back pay damages, if any, applies from the time Plaintiff was terminated until the date of your verdict. If you award back pay, you are instructed to deduct from the back pay figure whatever wages Plaintiff has obtained from other employment during this period.

Front pay damages, if any, represent a plaintiff's lost salary and benefits, caused by an unlawful discharge or other adverse action, accruing from the time of trial until the date when Plaintiff would have voluntarily resigned or obtained other employment.  Factors to be considered in determining front pay include the age of the Plaintiff and his reasonable prospects of obtaining comparable alternative employment. Front pay may not be awarded if the calculation is unduly speculative.

Plaintiff has a duty under the law to "mitigate" his damages which means he must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the Defendants' actions or omissions. Plaintiff fails to mitigate his damages and is not entitled to backpay or front pay if he fails to remain in the labor market, fails to accept substantially similar employment, fails diligently to search for alternative work, or voluntarily quits alternative employment without good reason. For example,

joining a training program instead of seeking comparable employment does not fulfill Plaintiff's duty to mitigate his damages. And a plaintiff who, for personal reasons, declines a job substantially equivalent to the one he previously filled, has not adequately mitigated damages.

The Defendants have the burden of proving that the Plaintiff failed to mitigate. If the Defendants persuade you, by a preponderance of the evidence, that the Plaintiff has failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of the Plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In determining the amount of damages, you must exercise good judgment and common sense. The purpose of a damage award is to make a plaintiff whole, that is, to compensate for the injuries, if any, that resulted from the Defendants' violation of his legal rights. The damages that you award should be fair and reasonable, neither inadequate nor excessive.

### 2. Emotional Distress Damages

Compensatory damages also include damages for emotional pain and suffering, mental anguish, inconvenience, and loss of enjoyment of life that you may find he has suffered as a result of the Defendants' unlawful conduct.

In order to recover for emotional distress, Plaintiff must present credible testimony with respect to the claimed emotional distress and mental anguish, in addition to some corroboration of that testimony, by circumstances that you reasonably believe would give rise to emotional distress and mental anguish, and therefore afford some assurance that the claim is genuine.

In your determination of the amount of monetary damages for emotional distress, you should consider the nature, character and severity of those injuries. In this regard, while it is not required that the Plaintiff seek medical treatment by a doctor or psychiatrist or psychologist, you

may consider the fact that he did consult one. You may also consider the duration of these injuries. To award such damages you must also find that the Plaintiff has proved by a preponderance of the evidence that his emotional distress was the result of unlawful discrimination and not for some other reason.

You may not speculate about such damages. If you find that Plaintiff has proved that he suffered mental or emotional distress caused by the unlawful discrimination, you must fix an amount of damages that will, as much as money can, fairly compensate the plaintiff for his emotional distress. Damages for emotional distress must be based on the evidence presented at trial, and only on that evidence. They must not be based on speculation or sympathy. In sum, your award must be fair and just. It should be neither excessive nor inadequate. It should be reasonable.

### C.    Nominal Damages

If you return a verdict for Plaintiff, but you find that he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award what are called nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

### D.    Punitive Damages

If you find in favor of Plaintiff, you may also consider whether to award punitive damages against one of the Defendants, all of them, or some but not all of the Defendants.  The purpose of an award of punitive damages is to punish a wrongdoer for misconduct and to warn others against doing the same. You may, but do not have to, award these damages, if you find that the Defendants willfully violated Plaintiff's rights, or acted wantonly, recklessly or

26

maliciously in doing so. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the Plaintiff. You may also award punitive damages if you find Defendants have engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.   Punitive damages require a high degree of moral culpability.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate amount of money to be awarded as punitive damages. That is, in fixing the amount to be awarded, you should consider the degree to which a defendant should be punished for his wrongful conduct, and the degree to which an award of one amount or another will deter a defendant or persons like him from committing wrongful acts in the future. You must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party.

If you decide to award punitive damages to Plaintiff, you should consider the following factors in assessing the amount of such damages: the nature and reprehensibility of what the Defendants did, including the character of the wrongdoing; whether the Defendants' conduct demonstrated an indifference to, or reckless disregard of, the rights of others; the vulnerability of Plaintiff; how long the conduct went on; the Defendants' awareness of the harm caused by their conduct; any concealment of the conduct; and the actual and potential harm created by the Defendants' conduct.

Where liability of an employer has been established under the NYCHRL based solely on the conduct of an employee, you may consider compliance with internal policies concerning the prevention of unlawful discrimination and programs to educate employees about unlawful

discriminatory practices, in addition to any other relevant factors, to mitigate the amount of punitive damages to impose.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

28

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### C.    Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case. You are not to discuss the case unless and until all jurors are present. A majority of jurors together are only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did, it would not be binding on you.

You should also proceed through the questions in the order in which they are listed. You should answer every question except where the verdict form indicates otherwise. Remember, all answers must be unanimous.

### F.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

### G.    No Electronic Communications

Finally, all cellphones or any other personal electronic devices <u>must</u> be turned off while you are engaged in deliberations.  I remind you that you must not communicate with anyone other than your fellow jurors by any means about this case. You may not use any electronic device or media, such as cell phones, searching the Internet or social media, e-mailing, or texting to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate, research, or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

## V.     CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.