

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE ~~CITY OF NEW~~ YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DESIREE ALEXANDER**
Assistant Corporation Counsel
phone: (212) 356-3177
email: dealexan@law.nyc.gov

January 15, 2026

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: <u>Habeeb Ahmad v. New York University, et. al.</u>
> 22 Civ. 1248 (JLR)(GWG)

Your Honor:

The parties write <u>jointly</u>, pursuant to Fed. R. Civ. P. 60(b), to respectfully request that the Court vacate the November 10, 2025 Judgment against the individual defendants only, given their continued employment and the jury's express finding that the individual defendants did not fail to accommodate Plaintiff's disability; did not terminate Plaintiff due to his disability, and did not retaliate against the Plaintiff. We have reached a global settlement in principle which is contingent upon such vacatur of the judgment. Accordingly, given that, together with the exceptional circumstances presented, and to avoid expending any further judicial resources, we request the Judgment be vacated against them.

### I.    Relevant Factual and Procedural Background

Plaintiff, a former Ophthalmologist, employed by New York University ("NYU"), was terminated after being on leave for about one year. After termination, Plaintiff initiated the instant lawsuit setting forth claims for discrimination, retaliation, and interference[1]. <u>See</u> Compl., ECF Dkt. No. 1. On July 9, 2025, the Court granted Plaintiff leave to file an amended complaint and add a claim for failure to engage in cooperative dialogue. See ECF Dkt. Nos. 139-140. The jury trial in this matter resolved in a verdict where the jury found: (1) Defendants did not fail to provide a reasonable accommodation to Plaintiff; (2) Defendants did not violate the Americans with Disabilities Act; (3) Defendants did not retaliate against Plaintiff; (4) Defendants Mellynchuk and Lazzaro did not discriminate against Plaintiff; (4) Plaintiff's disability was a motivating factor in NYU's decision to terminate him; and (5) Defendants failed to engage in a cooperative dialogue

---

[1] On February 11, 2025, the Court partially granted and partially denied Defendants' motion for summary judgment, dismissing the interference claim. <u>See</u> ECF Dkt. No. 100.

with Plaintiff. See Verdict Form, ECF Dkt. No. 161-17, at 1-2. On November 10, 2025, the Court entered judgment after Plaintiff accepted remittitur of the jury award. See ECF Dkt No. 174. On December 10, 2025, Defendants filed a Notice of Appeal. See ECF Dkt No. 177. On December 17, 2025, the parties reached a settlement in principle contingent upon vacatur of the judgment. As such, for the reasons set forth herein, the parties respectfully submit that the Court should vacate the Judgment pursuant to Fed. R. Civ. P. 60(b) due to exceptional circumstances.

## II.     The Court Should Vacate the Judgment Pursuant to Fed. R. Civ. P. 60(b) Due to Exceptional Circumstances

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for…any [ ] reason that justifies relief." "In applying this rule, courts are to 'strike[ ] a balance between serving the ends of justice and preserving the finality of judgments.'" Am. Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG, 2010 U.S. Dist. LEXIS 47044, *3 (S.D.N.Y. May 7, 2010) (citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "While 'such relief is addressed to the sound discretion of the district court,' [ ] it is considered 'extraordinary judicial relief that may be 'invoked only upon a showing of exceptional circumstances.'" Id. The Supreme Court has held that "exceptional circumstances" must exist because "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994). The burden is on the party or parties seeking vacatur to show that such relief "is equitably justified by exceptional circumstances." Microsoft Corp. v. Bristol Tech. Inc., 250 F.3d 152, 154 (2d Cir. 2001) (citing Major League Baseball Props. Inc. v. Pac. Trading Cards Inc., 150 F.3d 149, 151 (2d Cir. 1998) (hereinafter "Major League Baseball"). The Second Circuit has recognized post-Bancorp that a private settlement may constitute an "exceptional circumstance" when the public interest in the to-be-vacated decision is de minimis. See Microsoft Corp., 250 F.3d at 155; Major League Baseball, 150 F.3d at 152.

First, exceptional circumstances exist here. Defendants previously have highlighted the conflicting nature of the jury verdict, which found that Plaintiff's disability was a motivating factor in the decision to terminate him despite also determining that Defendants did not fail to accommodate his disability. And, no less compelling, Plaintiff has secured a new job across the country and, with that, has a significant interest in vacating the judgment against the individual defendants to obtain peace, certainty and finality. That will be realized through the parties' settlement, and not by continuing years of litigation, appeal, and any further proceedings requiring his attention and travel. Accordingly, though prevailing at trial, Plaintiff has an exceptional private interest, voiced here in his counsel's joint application, in vacating the judgment.

Indeed, it is significant that both parties jointly seek to vacate the judgment in part. See Chamberlain v. Aberdeen Asset Mgmt. Ltd., 2005 U.S. Dist. LEXIS 9814, at *1-2 (E.D.N.Y. Apr. 6, 2005) ("Despite the public interest in preserving precedent, vacatur is authorized in order to permit settlement to proceed, particularly where the victor as well as the losing party is in agreement that vacatur would be desirable") (citing Major League Baseball, 150 F.3d at 149)); Am. Home Assur. Co., 2010 U.S. Dist. LEXIS 47044, at *7 ("Finally, it is of at least some consequence that both parties seek vacatur"); Zomber v. Stolz, 2012 U.S. Dist. LEXIS 58132 at *7-8 (E.D.N.Y. Apr. 25, 2012) ("Several district courts within this circuit have also found

exceptional circumstances to exist where vacatur would permit a settlement to proceed") (collecting cases), 2012 U.S. Dist. LEXIS 62431 (E.D.N.Y. 2012) (granted vacatur of jury verdict in plaintiff's favor and withdrew motion for attorney's fees in favor of settlement). Accordingly, because, *inter alia*, both parties jointly seek to vacate the judgement as to the individual defendants, the private interest in doing so outweighs any limited public interest in the finality of the instant judgment.

Indeed, the public interest in preserving the judgment is relatively small. The instant judgment rendered by the jury has no precedential effect other than collateral estoppel and *res judicata* on the parties themselves. See Am. Home Assur. Co., 2010 U.S. Dist. LEXIS 47044 at *7 (granting vacatur where, *inter alia*, "[i]t is also worth noting that nonparties would not be impacted by vacatur in this case") (citing Tommy Hilfiger Licensing, Inc. v. Costco Co., 2002 U.S. Dist. LEXIS 22696, at *2 (S.D.N.Y. Nov. 25, 2002) ("It has been suggested that in some cases, vacatur should be denied if the decision might allow for issue preclusion in favor of nonparties") (citing cases).

Moreover, granting the motion to vacate the judgment in part will avoid the expenditure of additional judicial resources. See Am. Home Assur. Co., 2010 U.S. Dist. LEXIS 47044 at *6-7 ("In addition, to allow vacatur here would avoid the expenditure of scarce judicial resources, both in the Court of Appeals; and potentially in this Court were the Opinion reversed and remanded.") (collecting cases). In Am. Home Assur. Co., the Honorable James L. Cott of this Court granted the parties' joint motion to vacate the judgment. Judge Cott noted, "[w]hile courts do not always agree to vacatur, it is nonetheless true that some courts 'have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal.'" Am. Home Assur. Co., 06 Civ. 6389 (JLC), 2010 U.S. Dist. LEXIS 47044 at *6-7, n.3 (quoting Barry v. Atkinson, 193 F.R.D. 197, 200 (S.D.N.Y. 2000); see also Chamberlain v. Aberdeen Asset Mgmt. Ltd., 2005 U.S. Dist. LEXIS 9814 (E.D.N.Y. Apr. 12, 2005) (vacatur granted at request of both parties so the parties could proceed to settlement and avoid pending appellate litigation).

Here, Defendants filed a notice of appeal on December 10, 2025. See ECF Dkt. No. 177. Vacatur would preclude any appeals as of right by both parties concerning unfavorable parts of the jury verdict to each party. In addition, motion practice for attorney's fees and a subsequent decision by this Court will be avoided, as well as potentially any remand to this Court if any part of the jury verdict is reversed on appeal. Accordingly, the public interest in preserving the judgment is relatively small and is heavily outweighed by the parties' joint interest in vacating the judgment.

### III. Conclusion.

Accordingly, for the reasons set forth herein, the parties jointly and respectfully request that pursuant to Fed. R. Civ. P. 60(b), the Court grant their motion to vacate the Judgment against the individual defendants to relieve them of the judgment against them, as they continue their employment, and given the jury's express finding that the individual defendants did not fail to accommodate Plaintiff's disability; did not terminate Plaintiff due to his disability, and did not retaliate against him.

Thank you for your time and consideration herein.

Respectfully submitted,

/s Desiree Alexander.

Desiree Alexander
Assistant Corporation Counsel

cc: Alexander Cabeceiras. **(VIA ECF)**
*Attorney for Plaintiff*
Derek Smith Law Group, PLLC
450 7th Avenue, 30th Floor,
New York, New York 10123