UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HABEEB AHMAD,

                   Plaintiff,

      -against-

NEW YORK UNIVERSITY, SCOTT
MELLYNCHUK and DOUG LAZZARO,

                 Defendants.

Case No. 1:22-cv-01248 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

The parties move, jointly, to vacate the judgment issued in this action on November 10, 2025, Dkt. 174 (the "Judgment"), solely with respect to Defendants Scott Mellynchuk and Doug Lazzaro (together, the "Individual Defendants").[1] *See generally* Dkt. 194 ("Motion" or "Mot."). For the following reasons, the Motion is GRANTED.[2]

A party may seek relief from a final judgment under Federal Rule of Civil Procedure ("Rule") 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 309 (2025) (observing that Rule 60(b)'s purpose "is 'to make an exception to finality'" (quoting *Gonzalez v. Crosby*,

---

[1] The relevant portions of the Judgment include the findings in Plaintiff's favor: (1) "on his cooperative dialogue claim against Defendants under the NYCHRL;" (2) "in the amount of $1,400,000 in compensatory damages for backpay . . . under the NYCHRL against Defendant Mellynchuk and Defendant Lazzaro;" (3) "in the amount of $150,000 in compensatory damages for front pay . . . under the NYCHRL against Defendant Mellynchuk and Defendant Lazzaro;" and (4) "in the amount of $1,000,000 in emotional-distress damages against Defendants." Judgment at 1-2.

[2] On December 10, 2025, Defendants filed a notice of appeal from the Judgement. Dkt. 177. "[T]he docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (quoting *Ryan v. United States*, 303 F.2d 430, 434 (2d Cir. 1962)). However, Defendants have since returned jurisdiction to this Court by withdrawing their appeal. *See* Dkt. 196; *see, e.g.*, *Strougo v. Bassini*, 258 F. Supp. 2d 254, 257 (S.D.N.Y. 2003) ("The parties stipulated to withdraw Strougo's appeal . . . in order to return jurisdiction . . . to this Court.").

545 U.S. 524, 529 (2005))). Relevant here, Rule 60(b)(6) permits a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "catchall provision" is available "only when Rules 60(b)(1) through (b)(5) are inapplicable" and the party seeking relief demonstrates "extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210-11 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). The parties have met their burden.[3]

While the Supreme Court has held that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur," "[t]his is not to say that vacatur can never be granted when mootness is produced" by settlement. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). Indeed, post-*Bancorp*, "[t]he Second Circuit has recognized that a private settlement may constitute an 'exceptional circumstance' when the public interest in the to-be-vacated decision is *de minimis*." *Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, No. 06-cv-06389 (JLC), 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010); *see, e.g.*, *Microsoft Corp. v. Bristol Tech., Inc.*, 250 F.3d 152, 155 (2d Cir. 2001) (per curiam) (observing that, in two Second Circuit decisions, "the exceptional circumstances had to do with the facilitation of settlements that would obviate pending appeals," and finding exceptional circumstances on similar facts). For example, in *Keller v. Mobil Corp.*, the Second

---

[3] It bears brief mention that a request for Rule 60(b) relief "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), [courts] look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quoting *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Here, the Motion was filed within a reasonable time, as it was brought only two months after the Judgment was entered and one month after the parties reached the in-principle settlement that triggered the request, Mot. at 2. *See, e.g.*, *P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*, 151 F.R.D. 32, 35-36 (S.D.N.Y. 1993) (finding a Rule 60(b) motion brought two years after the judgment timely when the movant learned about the change in factual circumstances two months before the motion).

Circuit concluded that vacatur of a sanctions order was appropriate where the district court had erred in imposing the sanction, and vacatur would "clear" "the way to a settlement." 55 F.3d 94, 98, 100 (2d Cir.1995). Likewise, in *Major League Baseball Properties, Inc. v. Pac. Trading Cards, Inc.*, the Second Circuit found exceptional circumstances where, as here, "vacatur of the district court's order and opinion was a necessary condition of settlement," and "the victor in the district court wanted a settlement as much as, or more than, the loser did." 150 F.3d 149, 152 (2d Cir. 1998). In granting vacatur, the court observed that any damage to the public interest was outweighed by the parties' interest in ending their dispute. *Id.* So too here.

First, it is noteworthy that both parties seek partial vacatur of the Judgment. *See, e.g.,* *Chamberlain ex rel. Aberdeen Glob. Income Fund, Inc. v. Aberdeen Asset Mgmt. Ltd.*, No. 02-cv-5870 (SJ), 2005 WL 1378757, at *1 (E.D.N.Y. Apr. 12, 2005) ("Despite the public interest in preserving precedent, vacatur is authorized in order to permit settlement to proceed, *particularly where the victor as well as the losing party is in agreement that vacatur would be desirable*." (emphasis added)); *Major League Baseball*, 150 F.3d at 152 (distinguishing matter from *Bancorp* because the victor was in favor of the settlement). Here, the parties explain that "Plaintiff has secured a new job across the country and, with that, has a significant interest in vacating the judgment against the individual defendants to obtain peace, certainty and finality" and to avoid protracted litigation of Defendants' appeal. Dkt. 194 at 2.

Second, "several district courts within this circuit have also found exceptional circumstances to exist where vacatur would permit a settlement to proceed." *Zomber v. Stolz*, No. 09-cv-4637 (ETB), 2012 WL 1427775, at *3 (E.D.N.Y. Apr. 25, 2012) (collecting cases). And "[t]he courts have undeniably been more flexible where vacatur would bring an end to the tortured history of a litigation, opening a door to settlement by relieving some party from having to fight an undesirable ruling on appeal." *Barry v. Atkinson*, 193 F.R.D. 197, 200 (S.D.N.Y.

2000).  This is particularly true where "the public interest in preserving the [Judgment] is relatively small."  *Am. Home Assur. Co*, 2010 WL 1946718, at \*2.  Such is the case here, where "nonparties would not be impacted by vacatur in this case," *id.*, and where the Court has already had occasion to modify the jury award, *see* Dkt. 172 (granting Defendants' motions for judgment notwithstanding the verdict and remittitur in part).  Vacatur would facilitate settlement and bring this nearly four-year litigation to an end, providing much-needed closure to all parties.

Accordingly, the Court GRANTS the parties' motion to vacate the November 10, 2025 judgement, Dkt. 174, as to the Individual Defendants.

Dated:  January 29, 2026
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

4